IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Sherman Lee, <br><br>       PETITIONER <br><br>       v. <br><br> United States of America, <br><br>       RESPONDENT | Crim. No. 4:05-cr-01124-TLW-1 <br> C/A No. 4:16-cv-02150-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner John Sherman Lee. For the reasons stated below, the petition is granted in part and denied in part.

## I.    Factual and Procedural History

Petitioner was charged in a two-defendant, five-count superseding indictment with Hobbs Act robbery (Count 1), being a felon in possession of a firearm (Count 2), and using and carrying a firearm during a crime of violence (Count 4). ECF No. 32. In the middle of trial, he elected to plead guilty to all three counts, and on June 27, 2006, the Court sentenced him to a total of 312 months incarceration, consisting of 240 months on Count 1 and 312 months on Counts 2 and 4. ECF No. 100.

Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum sentence of fifteen years imprisonment followed by five years of supervised release on a felon who possesses a

firearm and who has three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1]  The Presentence Investigation Report (PSR) classified the following offenses as ACCA predicates:

(1)     Armed Robbery (North Carolina) (PSR ¶ 39 – Docket No. 77CRS28150);

(2)     Armed Robbery (North Carolina) (PSR ¶ 39 – Docket No. 77CRS28416);

(3)     Escape (South Carolina) (PSR ¶ 42);

(4)     Assault and Battery of a High and Aggravated Nature (ABHAN) (South Carolina) (PSR ¶ 45);

(5)     Larceny From a Person (North Carolina) (PSR ¶ 46).

Petitioner also was classified as a career offender under § 4B1.1 of the Sentencing Guidelines based on the ABHAN and larceny convictions.[2]  PSR ¶ 83.

After judgment was entered, he filed a direct appeal, but the Fourth Circuit affirmed.  *United States v. Lee*, 230 F. App'x 245 (4th Cir. 2007).

In January 2007, Petitioner timely filed a pro se petition under 28 U.S.C. § 2255, which the Court dismissed on the merits after briefing.  ECF Nos. 123, 137. He did not file a direct appeal.

In June 2016, as required by 28 U.S.C. § 2244, Petitioner filed a motion in the Fourth Circuit requesting authorization to file a successive § 2255 petition to seek resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *In re Lee*,

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years imprisonment followed by three years of supervised release on Count 2.  18 U.S.C. §§ 922(g)(1), 924(a)(2).

[2] Due to the ages of the robbery and escape convictions, he did not receive criminal history points for them, so they were not counted for career offender purposes.  *See* U.S. Sentencing Guidelines Manual § 4A1.2(e) (U.S. Sentencing Comm'n 2005).

No. 16-9271 (4th Cir.), ECF No. 2. On June 24, 2016, the Fourth Circuit granted his motion. *Id.,* ECF No. 8-2. His § 2255 petition was docketed in this Court that day. ECF No. 151.

In his § 2255 petition, Petitioner seeks a full resentencing, arguing that his ACCA and career offender designations are invalid in light of *Johnson* and that his § 924(c) conviction should be vacated because Hobbs Act robbery is no longer a valid § 924(c) predicate conviction. *See* ECF No. 152 at 5–10.

The Government filed a motion asking to hold the case in abeyance pending two Fourth Circuit decisions regarding the question of what offenses constitute predicate offenses for purposes of 18 U.S.C. § 924(c). Since then, the Fourth Circuit has ruled in a different case that substantive Hobbs Act robbery—the offense at issue here—is a § 924(c) crime of violence. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Accordingly, the Court denied the Government's motion as moot and directed the Government to respond to the petition. ECF No. 169.

The Government filed a motion for partial summary judgment in which it agrees that Petitioner is no longer an armed career criminal and that his sentence on the felon in possession count should therefore be reduced to 120 months imprisonment followed by three years of supervised release, but argues that the petition should otherwise be denied. ECF No. 172.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal

court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.  Discussion

### A.   ACCA designation

The ACCA provides that a defendant convicted of being a felon in possession of a firearm who has at least three prior convictions for "a violent felony or a serious drug offense" faces a mandatory minimum sentence of fifteen years imprisonment followed by five years of supervised release. 18 U.S.C. § 924(e)(1). "Violent felony" is defined as follows:

> any crime punishable by imprisonment for a term exceeding one year,
> or any act of juvenile delinquency involving the use or carrying of a

firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

    (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B). There are three relevant parts to this definition:

(1)    the force clause, which is § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another");[3]

(2)    the enumerated clause, which is the first part of § 924(e)(2)(B)(ii) ("is burglary, arson, [] extortion, [or] involves use of explosives");

(3)    the residual clause, which is the last part of § 924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious potential risk of physical injury to another").

If Petitioner were before the Court today for his initial sentencing, he would not be classified as an armed career criminal under the current state of the law, as only his two robbery convictions would count as ACCA predicates. *See United States v. Burns-Johnson*, 864 F.3d 313, 320 (4th Cir. 2017) (concluding that North Carolina armed robbery is an ACCA predicate); *Johnson*, 135 S. Ct. at 2563 (concluding that the ACCA's residual clause is unconstitutionally vague); *United States v. Hemingway*, 734 F.3d 323, 335 (4th Cir. 2013) (concluding that ABHAN is

---

[3] This clause is also sometimes referred to as the elements clause.

categorically overbroad); *United States v. Jarmon*, 596 F.3d 228, 230, 233 (4th Cir. 2010) (concluding that larceny from a person could only be considered a crime of violence for Guidelines purposes under § 4B1.2's residual clause). There is also no question that *Johnson* is a new substantive rule that applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Because Petitioner has filed a prior § 2255 petition, the Court must make the threshold determination of whether it has jurisdiction to consider this claim. *See, e.g., United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("When the application is thereafter submitted to the district court, that court must examine each claim and dismiss those that are barred under § 2244(b) or [§ 2255(h)].").

Under 28 U.S.C. § 2244(b)(2)(A), the Court must dismiss any claim that does not "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because there is no dispute that *Johnson* is such a new rule, the only question is whether Petitioner's claim "relies on" *Johnson*.

The Fourth Circuit has held that a Court may consider a claim in a successive petition when the petitioner's sentence "*may* have been predicated on application of the now-void residual clause." *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (emphasis added). Because the increase in the statutory sentencing range on Count 2 as a result of Petitioner's ACCA designation may have been predicated on the residual clause, and for the reasons set forth in more detail by this Court in *Graham v. United States*, 276 F. Supp. 3d 509, 513–15 (D.S.C. 2017), the Court

concludes that it has jurisdiction to consider his claim that he is serving a sentence in excess of the statutory maximum on Count 2. That is so because that claim "relies on" *Johnson*, which is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

## B.    Career offender designation

The Supreme Court has now foreclosed Petitioner's career offender argument, having held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *see also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the Sentencing Guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255).

## C.    Hobbs Act robbery as a § 924(c) predicate

As to the Hobbs Act robbery argument, Petitioner makes two arguments why it is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically under § 924(c)'s force clause in light of *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Fourth Circuit has now foreclosed Petitioner's argument, having held that substantive Hobbs Act robbery—the offense at issue here—is a violent

felony under § 924(c)'s force clause. *Mathis*, 932 F.3d at 266. Accordingly, he is not entitled to relief.[4]

## IV.  Conclusion

For the reasons set forth above and accepting the Government's position, the Court concludes that, in light of current law, Petitioner is serving a sentence on Count 2 in excess of the statutory maximum. The Government states in its brief that "[i]n order to comply with the Supreme Court's decisions in *Johnson* and *Welch*, the Government would request that this Court merely correct Lee's sentence on Count 2, to reflect that the armed career criminal designation no longer applies to him, by reducing his sentence to a term of imprisonment of no more than 120 months and no more than 3 years of supervised release."[5]  ECF No. 172-1 at 5. Based on the Government's motion, Petitioner's sentence on Count 2 will be corrected to a term that does not exceed the ten-year statutory maximum. However, his convictions and sentences on Counts 1 and 4 must stand. Thus, the Government's motion for partial

---

[4] The Supreme Court's recent conclusion that § 924(c)'s residual clause is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), is irrelevant in light of the Fourth Circuit's conclusion that Hobbs Act robbery is a § 924(c) predicate under the force clause.

[5] The Fourth Circuit Court of Appeals recently issued an opinion in *United States v. Charles*, 932 F.3d 153 (4th Cir. 2019), in which the Fourth Circuit upheld the district court's application of the concurrent sentence doctrine in a situation similar to this case. Though the Government argued for application of the concurrent sentence doctrine in another recent case, *see Carson v. United States*, No. 4:02-cr-00813-TLW-1 (D.S.C.), ECF No. 204 at 1, it has not asserted that position here.

summary judgment, ECF No. 172, is **GRANTED**.  His petition for relief pursuant to § 2255, ECF No. 151, is **GRANTED IN PART AND DENIED IN PART**.  His sentence on Count 2 is hereby **VACATED**.  An amended judgment will follow.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_
Terry L. Wooten
Senior United States District Judge

September 30, 2019
Columbia, South Carolina