IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Sherman Lee,<br><br>v.<br><br>United States of America, | Crim. No. 4:05-cr-01124-TLW-1<br><br>**ORDER** |

This matter comes before the Court on Defendant John Sherman Lee's pro se motion pursuant to "Standing Order 20–06 'Establishing a Procedure for Compassionate Release Motions Under the First Step Act' (Appointment of Counsel-Placement as 'High Priority' Case)."[1] ECF Nos. 190. For the reasons below, his motion is **DENIED**.

## PROCEDURAL BACKGROUND

Lee was charged in a two-defendant, five-count superseding indictment with Hobbs Act robbery (Count 1), being a felon in possession of a firearm (Count 2), and using and carrying a firearm during a crime of violence (Count 4). ECF No. 32. In the middle of trial, he elected to plead guilty to all three counts, and on June 27, 2006, the Court sentenced him to a total of 312 months incarceration, consisting of 240 months on Count 1 and 312 months on Counts 2 and 4. ECF No. 100. Lee was classified as an armed career criminal under the Armed Career Criminal Act. Presentence Investigation Report ("PSR") ¶¶ 39–46.

After judgment was entered, Lee filed a direct appeal, but the Fourth Circuit

---

[1] Standing Order 20–06 was issued in the District of South Dakota. It is discussed later in this order.

affirmed. *United States v. Lee*, 230 F. App'x 245 (4th Cir. 2007). In January 2007, Lee timely filed a pro se petition under 28 U.S.C. § 2255, which the Court dismissed on the merits after briefing. ECF Nos. 123, 137. He did not file a direct appeal. In June 2016, as required by 28 U.S.C. § 2244, Lee filed a motion in the Fourth Circuit requesting authorization to file a successive § 2255 petition to seek resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *In re Lee*, No. 16-9271 (4th Cir.), ECF No. 2. On June 24, 2016, the Fourth Circuit granted his motion. *Id.*, ECF No. 8–2. His § 2255 petition was docketed in this Court that day. ECF No. 151.

The Court granted in part and denied in part Lee's § 2255. The Court found, based on intervening caselaw, that Lee was no longer an armed career criminal and that his sentence on the felon in possession count should be reduced to 120 months imprisonment followed by three years of supervised release, as a result of that caselaw, which required the reduction. ECF No. 176. An amended judgment was entered sentencing him again to a total of 312 months incarceration, consisting of 240 months on Count 1, 120 months as to Count 2, and 312 months as to Count 4, all such terms to run concurrently. ECF No. 177.

Lee filed the instant motion seeking the appointment of counsel on March 4, 2022, wherein he asserts he is entitled to the appointment of counsel because he is a "high priority case" under Standing Order 20–06. ECF No. 190. The Government opposes Lee's motion. ECF No. 209.

## ANALYSIS

In his motion, Lee asserts that under Standing Order 20–06, he is entitled to the appointment of counsel because he is a "high priority" case because of his risk of suffering severe illness or death from COVID-19. ECF No. 190 at 1. In support of this, he notes that he "suffers from chronic obesity, hypertension, anomalies on his lungs, (black spots) enlarged heart and has been diagnose as having anemia." ECF No. 190 at 9.

The Government opposes Lee's request for the appointment of counsel. ECF No. 209. The Government has also provided a response in opposition should the Court construe Lee's motion as one for compassionate release, wherein it asserts the Lee fails to meet the "extraordinary and compelling reasons" standard. *Id.* at 13–20. Additionally, the Government asserts that, even if Lee met the "extraordinary compelling reasons" standard, his motion should still be denied because the § 3553(a) sentencing factors weigh against either his release or a reduction in his sentence. *Id.* at 20–23.

The Court has reviewed Lee's three-page motion, which argues for the appointment of counsel. Lee's motion only references COVID-19 and his medical conditions in the context of both the need for the appointment of counsel and his placement into the "high priority" case category under Standing Order 20–06. ECF No. 190. His motion discusses the need for the appointment of counsel because of his "eligibility to file a § 3582(c)(1)(A) motion for compassionate release [.]" *Id.* at 3. Moreover, in his conclusion, he states that the relief he seeks is that the "Court find

merit in this motion to appoint counsel [.]" Based on the limited nature of Lee's motion, the Court will only construe it as one seeking the appointment of counsel and not a § 3582 motion for compassionate release.

Lee requests that the Court appoint him counsel in connection with a post-conviction § 3582 proceeding. It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson,* 501 U.S. 722, 756 (1991); *United States v. Coleman*, No. CR 3:01-506-JFA, 2020 WL 8258249, at *1 (D.S.C. July 30, 2020) ("As an initial matter, there is no general constitutional right to appointed counsel in post-conviction proceedings."). Although due process mandates the appointment for certain post-conviction proceedings, a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category. *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000). The Court has discretion to appoint counsel in proceedings under § 3582(c) if the interests of justice so require. *Id.*

Lee cites to "Standing Order 20–06" which "put into place a procedure for submission and consideration of compassionate release motions . . . in the wake of the spread of the COVID-19 virus into the federal prison system." ECF No. 190 at 1. He states that "[u]nder the order, the Federal Public Defender is automatically 'appointed' to all defendants who were . . . previously determined to be entitled to appointment of counsel or who are now indigent" and who are eligible to seek relief under the First Step Act's compassionate release provision. *Id.* at 1–2. Lee notes and notes that, in his criminal case, the Court previously appointed him counsel as

an indigent defendant. *Id.* at 3.

Based on the Court's review, it appears that the standing order Lee is citing to is from the District of South Dakota.[2] Even though the Court considered this order, it is not applicable to this District. The Court has reviewed Lee's motion to determine whether the appointment of counsel in this case is necessary. It finds that Lee is capable—and has proven capable—in seeking § 3582 collateral relief without the assistance of counsel and that he has not otherwise established that the interests of justice require the appointment of counsel in this case. Accordingly, the Court **DENIES** Lee's request for the appointment of counsel, ECF No. 190. Should Lee file a § 3582 motion for compassionate release, the Court will address Lee's claims on the merits in order to evaluate whether he is entitled to a sentence reduction or release under the compassionate release statute.[3]

**IT IS SO ORDERED.**

*s/Terry L. Wooten*<br>
Senior United States District Judge

June 27, 2023
Columbia, South Carolina

---

[2] The referenced standing order is attached to this order.
[3] The Government's brief did discuss the question of relief on the merits. However, Lee did not request § 3582(c)(1)(A) relief, but notes "his eligibility to file [a] § 3582(c)(1)(A) motion for compassionate relief." ECF No. 190 at 3. He seeks only the appointment of counsel.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH DAKOTA**

| | |
|---|---|
| **IN THE MATTER OF** | **AMENDED STANDING** |
| **ESTABLISHING A PROCEDURE FOR COMPASSIONATE RELEASE MOTIONS UNDER THE FIRST STEP ACT** | **ORDER 20-06** |

      This Standing Order is to establish a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in the wake of the spread of the COVID-19 virus into the federal prison system. The Court's previous Standing Order 19-01 addressed only motions under Section 404 and not those seeking compassionate release under the First Step Act. After consultation with the United States Attorney for the District of South Dakota (U.S. Attorney) and the Federal Public Defender for the Districts of North and South Dakota (FPD), the Court for good cause adopts the following procedure:

      1.    Pursuant to the Criminal Justice Act (CJA), 18 U.S.C. § 3006(a)(1) and (c), the FPD is hereby appointed to represent all defendants in criminal cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act. If the FPD believes itself to have a conflict of interest or other inability to represent a person who qualifies under (a) and (b) above, the FPD shall notify the magistrate judge in the division where the case is pending so that the magistrate judge may consider the appointment of a CJA panel attorney.

      2.    The FPD will communicate a recommendation to inmates interested in compassionate release that they immediately submit requests for compassionate release to the warden of the facility in which they are detained, if they have not done so already. These communications will include the recommendation that the prisoner describe their proposed release plan.

1

3.  The Clerk of Court shall screen all inmate filings to determine if the inmate is seeking compassionate release. When the Clerk of Court identifies such a request for compassionate release, the Clerk of Court shall file the request as a motion for compassionate release and notify the FPD, U.S. Attorney, and the District of South Dakota Probation and Pretrial Services Office (Probation Office) of the request. The FPD, U.S. Attorney, and Probation Office shall designate persons within those offices who are to receive notification. If an inmate misdirects a request for compassionate release to chambers, the FPD, U.S. Attorney, or Probation Office, then that office shall immediately provide the request to the Clerk of Court for filing as a motion for compassionate release.

4.  The FPD (or CJA panel counsel) and U.S. Attorney shall discuss in good faith and within three business days of filing all motions for compassionate release to place them into one of four categories:

    a.  High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. If there is no issue with granting compassionate release, the FPD (or CJA panel counsel) and U.S. Attorney are to notify the Court and the Probation Office forthwith.

    b.  Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.  Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.  Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

The FPD (or CJA panel counsel) and U.S. Attorney shall immediately report the categorization of cases to the Clerk of Court and the Probation Office.

2

5.     The Probation Office is authorized to disclose Presentence Investigation Reports, Statements of Reasons, Judgments, and any materials it might have related to the inmate's medical history to the FPD (or CJA panel counsel), and the U.S. Attorney. The Probation Office when notified of a High Priority Case shall immediately gather and provide to counsel and the Court any information it can obtain from the Bureau of Prisons (BOP) or other sources on the inmate's projected release date, medical history, BOP custody records, and anything filed with or considered by the BOP with the inmate's administrative request, if any, for early release. The Probation Office shall gather and provide to counsel and the Court the same material in a prompt manner for Intermediate Priority Cases. The Probation Office may disclose all such information by filing the material in CM/ECF under seal in the inmate's criminal case file. Consistent with the BOP policy, the inmate shall not receive a copy of the Presentence Investigation Report or other sensitive material. The FPD (or CJA panel counsel) shall coordinate with the inmate and the Probation Office on any proposed supervised release plans.

6.     In High Priority Cases where there is a dispute over whether the motion for compassionate release should be granted, the briefing schedule, subject to receipt of material from BOP and the Probation Office, shall be: (a) five business days for any supplemental briefing (if the inmate made the initial request pro se); (b) five business days for the U.S. Attorney's response; and (c) three business days for any reply.

7.     In Intermediate Priority Cases where there is a dispute over whether the motion for compassionate release should be granted, the briefing schedule, subject to receipt of material from BOP and the Probation Office, shall be: (a) ten business days for any supplemental briefing on behalf of the inmate; (b) ten business days for the U.S. Attorney's response; and (c) five business days for any reply.

8.     In Low Priority Cases, the FPD may choose to submit supplemental briefing or not, but must notify the Clerk of Court whether it will or will not be submitting supplemental briefing. The FPD may inform the inmate that the FPD will not represent them and that they may proceed pro se, seek pro bono representation, or retain counsel. For Low Priority Cases, the briefing schedule, subject to receipt of material from BOP and

the Probation Office, shall be: (a) twenty business days for any supplemental briefing on behalf of the inmate; (b) twenty business days for the U.S. Attorney's response after the supplemental brief or notification of no supplemental briefing; and (c) ten business days for any reply.

9. For cases with insufficient detail or information to allow categorization, the FPD (or CJA panel counsel) shall work with the inmate, inmate's family, and the Probation Office to obtain information to discuss with the U.S. Attorney to determine into which category the motion for compassionate release should be placed.

10. The FPD (or CJA panel counsel) and U.S. Attorney shall not disseminate outside of their office material received from BOP or the Probation Office concerning the inmate's medical records, presentence investigation report, or other private or confidential information, other than by filing under seal in CM/ECF. Such material shall be used only for the purposes of determining eligibility for compassionate release and possible release plan, and not for any other purpose.

11. The FPD should seek to identify and represent those inmates whom the FPD reasonably believes are eligible for an early compassionate release from custodial sentences imposed in the District of South Dakota, but shall work in good faith to limit its inquiries to such cases. The FPD (or CJA panel counsel), U.S. Attorney, and Probation Office shall cooperate fully in this endeavor so that persons eligible for relief are identified and represented in an efficient and orderly manner.

12. The presiding judge may enter any order to enlarge or contract the time frames set forth in this Standing Order or to modify the procedure.

Dated this 21st day of October, 2020.

_____
ROBERTO A. LANGE, CHIEF JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA